UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER HAYDU,

                Plaintiff,

v.

                                 3:12-CV-1425
                                 (GTS/DEP)

U.S. FED. GOV'T,

                Defendant.
_____

APPEARANCES:                                OF COUNSEL:

CHRISTOPHER HAYDU
  Plaintiff, *Pro Se*
Box 292
Downsville, New York 13755

GLENN T. SUDDABY, United States District Judge

# **DECISION and ORDER**

      Currently before the Court, in the above-captioned tort action filed by Christopher Haydu ("Plaintiff") against the United States Government, is United States Magistrate Judge David E. Peebles' Report-Recommendation recommending (1) this action be *sua sponte* dismissed with prejudice for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1915 unless, within 30 days of the date of the Order adopting the Report-Recommendation, Plaintiff timely files an Amended Complaint correcting the two pleading defects identified in Plaintiff's Complaint (which stem from the doctrines of sovereign immunity and standing), (2) Plaintiff's motion for judgment as a matter of law be denied without prejudice as premature, and (3) Plaintiff's motion for leave to file a Supplemental Complaint be denied as futile based on lack of standing. (Dkt. No. 6, at Part II.) Plaintiff has not filed an objection to the Report-Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

When *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Here, based upon a careful review of this matter, the Court can find no error with Magistrate Judge Peebles' Report-Recommendation, clear or otherwise. Magistrate Judge Peebles employed the proper standards, accurately construed Plaintiff's claims, and reasonably applied the law to those claims. (Dkt. No. 6.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (*Id*.) The Court would add only that, while ordinarily a plaintiff would have a right to file a supplemental complaint under the circumstances pursuant Fed. R. Civ. P. 15(a)(1), the Court would still retain (in cases where, as here, the plaintiff is proceeding *in forma pauperis*) the authority and indeed the duty to *sua sponte* dismiss that supplemental complaint for lack of standing, which authority the Court exercises here for the reasons offered by Magistrate Judge Peebles.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** with prejudice without further Order of the Court unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff submits an Amended Complaint that corrects the pleading defects identified in Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 6); and it is further

**ORDERED** that, in the event that Plaintiff files an Amended Complaint within thirty (30) days of the date of this Decision and Order, the Clerk of the Court shall to return the file to the Magistrate Judge for further review; and it is further

**ORDERED** that Plaintiff's motion for judgment as a matter of law (Dkt. No. 5) is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's motion for leave to file a Supplemental Complaint (Dkt. No. 5) is **DENIED**.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from the Court's final judgment in this action would not be taken in good faith.

Dated: March 6, 2013
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge